**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL DELAROSA<br>CHRISTOPHER ESPINAL<br>SHAMIR ABREU<br>ANTHONY ACANFORA<br>NORBERTO ACOSTA<br>PHILIP ACOSTA<br>CRAIG ACTIE<br>JEFFERS ADAMS<br>LAHISSI ADETAYO<br>JONATHAN ADORNO<br>GAETANO AGOSTINO<br>KEVIN AGUDELO<br>NASAR AHMED<br>GIUSEPPE ALAIMO<br>PETER ALAIMO<br>SALVATORE ALAIMO<br>PETER ALCIDE<br>ISAAC ALERS<br>BRANDON ALEXIS<br>PHILLIP ALEXIS<br>JOSEPH ALFANO<br>OMAR ALI<br>LATOYA ALLEYNE<br>SIDNEY ALMEIDA<br>LUZ ALMONTE<br>RAMONA BUTLER<br><br>      Plaintiffs,<br><br>v.<br><br>CITY OF NEW YORK,<br><br>      Defendant. | Civil Action. No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiffs, by and through their counsel, the law firms of McGillivary Steele Elkin LLP and Spivak Lipton LLP, for their complaint against the City of New York ("New York City"), state as follows:

## INTRODUCTION

1.      Plaintiffs are current and former employees of the Defendant, City of New York, who work or have worked in the position of Assistant City Highway Repairer (ACHR) or Highway Repairer (HR) for the Department of Transportation (DOT). Plaintiffs bring this action for a declaratory judgment, back pay and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 to remedy the Defendant's willful and unlawful violations of federal law complained of herein.

2.      Plaintiffs bring this action against Defendant as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) because of Defendant's unlawful deprivation of Plaintiffs' right to overtime compensation under the FLSA. The Plaintiffs are similarly situated to each other because they have been subject to the same policies and/or practices that violate the FLSA whereby the Defendant suffered or permitted Plaintiffs to perform uncompensated overtime work outside of and in addition to their paid shifts. Plaintiffs are also similarly situated to each other because they have been subject to the same policies and/or practices that violate the FLSA whereby the Defendant fails to properly calculate the regular rate of pay upon which Plaintiffs' overtime rate is based, and pays approved overtime late.

## PARTIES

3.      Plaintiffs, all of whom are listed in Exhibit A, have given their written consent to be Party-Plaintiffs in this action pursuant to 29 U.S.C. § 216(b). The written consent forms attached as Exhibit A set forth each Plaintiff's name and address.

2

4.      Each of the Plaintiffs in this action while employed by Defendant has been an "employee" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(e)(1).

5.      Defendant New York City is, among other things, a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x). The City of New York has a principal office and place of business located at Broadway and Park Row, New York, NY, 10007, and may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York, NY 10007.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS

8.      Plaintiffs are, and have been at all times material herein, employed by Defendant in the positions of Assistant City Highway Repairer (ACHR) and/or Highway Repairer (HR), in the City's Department of Transportation, whose principal job duties, like the principal job duties of all others similarly situated include, but are not limited to: maintaining and repairing streets, sidewalks, bridges, and highways of New York City, as well as various other duties and activities related to servicing the roads, sidewalks, and streets of New York City.

9.      For example, at all times material, and since October 17, 2024, Plaintiff Daniel Delarosa has worked for Defendant as an ACHR assigned to Port Ivory Yard in Staten Island. For further example, at all times material and since October 17, 2024, Plaintiff Christopher Espinal

has worked for Defendant as an ACHR assigned to the Hub Yard in Queens, 156th Street Yard in the Bronx, and Brush Yard in the Bronx.[1]

10.     While working as ACHRs and HRs, Plaintiffs and all others similarly situated are regularly scheduled to work at least 40 hours a week. Specifically, each week, they are regularly scheduled to work five shifts of 8 hours and 30 minutes each, with 30 minutes being automatically deducted as an uncompensated meal period. HRs work year-round and some ACHRs work less than a full year schedule.[2]

11.     While working as ACHRs and HRs, the Plaintiffs and all others similarly situated routinely work over 40 hours a week. However, the City fails to compensate Plaintiffs for all hours worked over 40 in a workweek at a rate of one and one-half times their regular rate of pay. Specifically, the City fails to compensate Plaintiffs for hours worked outside of and in addition to their scheduled shifts and during their 30-minute unpaid meal periods.

12.     While working as ACHRs and HRs, Plaintiffs and all others similarly situated are occasionally compensated for hours worked over 40 in a workweek if the overtime hours were pre-approved. However, when the City compensates Plaintiffs for overtime hours which were pre-approved, the City systemically fails to pay Plaintiffs for this overtime work at the correct regular rate of pay because Defendant fails to include night shift differentials and vehicle differentials in

---

[1]     Plaintiffs who previously litigated FLSA claims in *Gismundi v. City of New York,* 1:23-cv-06145-OTW*,* have a recovery period start date in this matter of October 17, 2024. Otherwise, Plaintiffs have a recovery period start date in this matter at least two years prior to the date their consent to join form is filed in Court, and this start date should be extended to three years due to Defendant's willful violations of the FLSA. 29 U.S.C. § 255.

[2]     The City initially hires ACHR as "seasonal" employees who work from March through December each year. Generally, the work becomes a year-round permanent appointment after five "seasons" in the title.

the rate at which overtime is paid or pays Plaintiffs for overtime work at the straight time rate rather than at the rate of time and one-half.

### *Defendant's Fair Labor Standards Act Violations are Willful*

13.    Defendant captures some of the work hours of ACHR and HR, including some time spent working outside of their scheduled shifts, on the City's timekeeping system, "CityTime," which is maintained at Plaintiffs' work locations, and/or by Plaintiff's supervisors.

14.    CityTime can be used to track all Plaintiffs' work time on a minute-by-minute basis, including their work time outside of and in addition to their scheduled shifts. However, Defendant does not pay the ACHRs and HRs on a minute-by-minute basis. This is because when Defendant programmed and implemented CityTime, it chose to utilize a "pay-to-schedule" system (i.e., one that, by default, pays employees for their scheduled work hours) rather than a "pay-to-punch" system (i.e., one that, by default, pays employees for all the time between punch in and punch out). As such, although some of Plaintiffs' work time outside of and in addition to their scheduled shifts is captured in CityTime and reviewed on a weekly basis by Plaintiffs' supervisors, including instances in which CityTime shows that Plaintiffs worked 8.5 hours with no record of a duty free meal period, Plaintiffs are nevertheless only paid for their scheduled shift hours unless they have received prior approval to work overtime, and that overtime is approved by managers in CityTime.

15.    Defendant has failed to conduct an audit or otherwise investigate any of the work minutes captured by CityTime as "uncompensated" time, including but not limited to what ACHRs and HRs are doing during all of their recorded work time including work time outside of and in addition to their scheduled shifts, and during unpaid meal periods.

16.    Plaintiffs' timekeeping and payroll data are in Defendant's exclusive possession and are not readily available to Plaintiffs. Plaintiffs' CityTime records and payroll data are not

5

readily available to Plaintiffs and other ACHRs and HRs because they are "maintained across various [agency] branches, not available for download or electronic transfer, not text-searchable, not maintained for more than two years, and requires a separate search for each pay period." *Murray, et al. v. City of New York*, No. 1:16-cv-08072-PKC, Dkt. 66 (S.D.N.Y. Oct. 18, 2017) at 3.

17.    Defendant failed to seek advice from the U.S. Department of Labor regarding whether its pay policies and practices comply with the FLSA.

18.    Defendant is well aware of its obligation to pay employees for overtime work that is suffered or permitted, even if employees do not make a request for overtime compensation for that work or if that time is not pre-approved by Plaintiffs' superiors. In fact, the former New York City Corporation Counsel has admitted, under oath, that it is an employer's responsibility to ensure that employees get paid for work about which the employer is aware. *See Perry v. City of New York*, Case No. 1:13-cv-1015 (S.D.N.Y.), Dkt. 181 (Trial Transcript of October 16, 2019) at 969-70. However, at all times relevant, Defendant has failed and continues to fail to compensate Plaintiffs and those similarly situated for overtime work which is performed with their supervisors' knowledge and that is recorded in the CityTime system or during the uncompensated auto-deducted meal period, but for which no corresponding overtime request is submitted or because such time was not pre-approved.

19.    The City has been held liable for failing to pay for work time outside of and in addition to employees' scheduled shifts on multiple occasions, yet has made no changes to the manner in which it records or compensates Plaintiffs for their overtime work. *See, e.g.*, *Foster v. City of New York*, 2017 U.S. Dist. LEXIS 227758 (S.D.N.Y. Sept. 30, 2017) (granting summary judgment for plaintiff New York City employees on FLSA claims that they worked

6

uncompensated overtime about which their managers were aware, despite required use of the CityTime system); *De La Cruz v. City of New York*, 2017 U.S. Dist. LEXIS 227758 (S.D.N.Y. Sept. 30, 2017) (same); *Perry v. City of N.Y.*, 1:13-cv-01015 (S.D.N.Y.) (jury verdict in favor of plaintiffs, $17,780,063 judgment entered); *Worley v. City of N.Y.*, Case No. 17-cv-04337 (S.D.N.Y.) (granting summary judgment to plaintiffs for uncompensated pre-shift, post-shift, and meal period work about which the City was aware). *See also Perez v. City of New York*, 2017 U.S. Dist. LEXIS 159473 (S.D.N.Y. Sept. 27, 2017) (denying summary judgment to City on defense to FLSA liability based on claim that Associate Urban Park Rangers failed to "report" overtime on the CityTime system where "ample record evidence" demonstrated that the City knew or had reason to know plaintiffs were working unreported overtime hours).

20.    The City has previously been held liable for failure to properly calculate employees' regular rates of pay by failing to include premium payments, such as meal allowances and night shift differentials, in the rate at which overtime is paid to employees or paying straight time rather than time and one-half overtime. *See, e.g.*, *Foster v. City of New York*, 2017 U.S. Dist. LEXIS 227758, Dkt. 153 (S.D.N.Y. Sept. 30, 2017); *De La Cruz v. City of New York*, 2017 U.S. Dist. LEXIS 227758, Dkt. 150 (S.D.N.Y. Sept. 30, 2017); *Lawtone-Bowles v. City of N.Y.*, 16-cv-04240, 2020 WL 2833366 (S.D.N.Y. Jun. 1, 2020); *Lynch v. City of New York*, 291 F. Supp. 3d 537 (S.D.N.Y. 2018). Despite these court decisions, the City continues to fail to include premium payments in Plaintiffs' regular rates of pay.

21.    The City is further on notice of these alleged violations within the Department of Transportation, specifically, because of a previous lawsuit, *Gismundi v. City of New York,* 1:23-cv-06145, which involved similar FLSA claims for ACHR and HR and resolved via settlement in 2024.

22.    Defendant has not disciplined any ACHRs or HRs for performing unpaid work outside of and in addition to their scheduled shifts.

### *Uncompensated Pre-shift, Post-shift and Meal Period Work Performed by Plaintiffs*

23.    While working as ACHRs and HRs, Plaintiffs and all others similarly situated routinely work over 40 hours a week. ACHRs and HRs are scheduled for 5 shifts of 8 hours and 30 minutes in length each week. Thirty (30) minutes is automatically deducted from each shift as an uncompensated meal period. Thus, Plaintiffs and all others similarly situated are scheduled to perform a minimum of 40 hours of work per workweek.

24.    Plaintiffs and all others similarly situated frequently work overtime in addition to their regular 40 hours of work per week performing their regular job duties for which they are not compensated. Specifically, they routinely work additional hours outside of and in addition to their regularly scheduled shifts and during their unpaid meal periods, all without compensation. This work outside of and in addition to their scheduled shifts and work during their uncompensated meal periods causes Plaintiffs and all others similarly situated to work in excess of 40 hours each week because they are scheduled to work 40 hours per workweek even without this additional overtime. As such, Plaintiffs and all others similarly situated regularly work additional uncompensated hours that are in excess of 40 in a workweek.

25.    Plaintiffs begin work before the official start time of their shifts and perform pre-shift activities, including but not limited to the tasks listed in Paragraph 8, as well as preparing for their shift by meeting with supervisors, preparing shift paperwork, retrieving equipment, vehicles, and vehicle keys, and preparing the vehicle to transport supplies during their shift.

26.    Plaintiffs and all others similarly situated work during some or all of their 30-minute unpaid meal periods performing their regular job duties, including but not limited to those listed in Paragraph 8, for which they are not compensated.

27.     For example, Plaintiff Delarosa routinely works over 40 hours in a workweek. When Plaintiff Delarosa works over 40 hours, Defendant fails to properly compensate him for work occurring outside of and in addition to his scheduled shift time, and during his meal periods when he is performing tasks enumerated in Paragraph 8. Plaintiff Delarosa is primarily scheduled to work from 6:00 a.m. to 2:30 p.m.[3] He arrives and begins performing work tasks approximately 10 minutes before the start of every shift. Additionally, Plaintiff Delarosa works through 10 minutes or more of his uncompensated 30 minute meal period 1-2 times a week.[4] Thus, Plaintiff Delarosa is not compensated for a minimum of 1 hour and 20 minutes and as much as 1 hour and 50 minutes of additional overtime work beyond his scheduled shift per week at all times when he is assigned to work the schedule noted above, as well as other schedules.

28.     For further example, Plaintiff Espinal also routinely works over 40 hours in a workweek. When Plaintiff Espinal works over 40 hours, Defendant fails to properly compensate him for work occurring outside of and in addition to his scheduled shift time, and during his meal periods when he is performing the tasks enumerated in Paragraph 8. Plaintiff Espinal is primarily scheduled to work from 6:00 a.m. to 2:30 p.m.[5] He arrives and begins performing work tasks approximately 10-15 minutes before the start of every shift. Additionally, during the non-winter months, Plaintiff Espinal works through his uncompensated meal period two times a week. Thus, Plaintiff Espinal is not compensated for a minimum of 1 hour and 50 minutes and as much as 2 hours and 15 minutes of additional overtime work outside of and in addition to his scheduled shift

---

[3] During the winter months, Plaintiff Delarosa is scheduled to work 7 a.m. to 3:30 p.m. five days a week.

[4] A break of 20 minutes or less is a compensable rest break that must be counted as hours of work. *See* 29 C.F.R § 785.18.

[5] During the winter months, Plaintiff Espinal is scheduled to work 7 a.m. to 3:30 p.m. five days a week.

per week at all times when he is assigned to work the schedule noted above, as well as other schedules.

29.    All ACHRs and HRs employed by Defendant are similarly situated and routinely work more than 40 hours in a workweek but are denied proper compensation for hours worked in excess of 40, because ACHRs and HRs are scheduled to work a minimum of 40 hours per week and Defendant fails to compensate ACHRs and HRs for work performed outside of and in addition to their scheduled shifts, and work performed during their uncompensated meal periods. The amount of uncompensated work hours for which Plaintiffs and those similarly situated have not been paid can be identified through the Defendant's timekeeping system and through other work and pay records.

### *Rate at Which Overtime is Paid to Plaintiffs and All Others Similarly Situated*

30.    While working as ACHRs and HRs during the last three years, Plaintiffs and all others similarly situated have received certain payments for their work, including but not limited to night shift differentials and vehicle differentials. These payments are made pursuant to Agency-wide policy, and/or collective bargaining agreements, and thus they are paid to Plaintiffs and all others similarly situated. However, on occasions when Plaintiffs are paid overtime compensation, Defendant fails to include these payments in the regular rate of pay at which overtime is paid for purposes of calculating overtime payments owed to Plaintiffs.

31.    Defendant fails to include premium payments, including those listed in Paragraph 29, in the calculation of the regular rate of pay of Plaintiffs and all others similarly situated pursuant to a systematic, Agency-wide practice. The failure to include these payments in Plaintiffs' regular rate means that when Plaintiffs receive paid overtime for working in excess of 40 hours in a week, they are paid at a rate for those overtime hours that is below the rate mandated by the FLSA.

32. For example, since October 17, 2024, Plaintiff Delarosa and Plaintiff Espinal have earned night shift differential while working as an ACHR during weeks in which they worked over 40 hours and earned overtime compensation, and also worked shifts which covered time between 6:00 pm and 6:00 am. However, on these occasions and others, Defendant did not include these night shift differential payments in the calculation of the overtime rate during those workweeks.

33. All ACHRs and HRs employed by Defendant who receive premium payments pursuant to Agency-wide policy and/or collective bargaining agreements, including night shift differential, vehicle allowance, and other similar payments, including Plaintiffs, are similarly situated and routinely work more than 40 hours in a workweek but are denied proper compensation for hours worked in excess of 40 hours because Defendant continues to fail to include these payments in the regular rate of pay upon which the Plaintiffs' overtime rate is based. In addition, on occasion, defendant pays straight time rather than time and a half overtime when the Plaintiffs work over 40 hours a week. The precise amount of improperly paid overtime received by each ACHR and HR can be identified through the Defendant's timekeeping system and through other work and pay records.

### *Late Payment of Overtime Worked*

34. In those instances in which Defendant has compensated Plaintiffs and those similarly situated for working hours in excess of 40 hours a week, Defendant is required to "approve" requests for overtime compensation prior to paying Plaintiffs for that time. Due to delays in "approval" of overtime compensation by Defendant and its managers, or for other reasons that are unrelated to Defendant's ability to determine the amount of overtime compensation that is owed to the Plaintiffs, Defendant regularly pays Plaintiffs for their overtime work more than one

11

pay period after the date that Plaintiffs have been paid for their non-overtime work hours for that week (i.e., more than two pay periods after the overtime was worked).

35.     Defendant has violated the basic principles of the FLSA by delaying Plaintiffs' overtime payments for working in excess of 40 hours a workweek by weeks, and in some cases months, with such delay not being reasonably necessary to compute Plaintiffs' overtime pay. The FLSA mandates that overtime compensation be paid on the regular payday for the period in which such workweek ends.

## <u>COUNT I</u>

### FAILURE TO PAY OVERTIME FOR ALL HOURS PLAINTIFFS ARE SUFFERED OR PERMITTED TO WORK IN VIOLATION OF SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)

36.     Plaintiffs hereby incorporate by reference paragraphs 1 through 35 in their entirety and restate them herein.

37.     At all times material herein, during those workweeks in which Plaintiffs and all others similarly situated have worked hours in excess of 40 hours a week, they have performed work activities, including but not limited to performing tasks enumerated in Paragraph 8, without compensation outside of and in addition to their scheduled shifts, all of which is recorded on Defendant's timekeeping system CityTime. Plaintiffs and all others similarly situated also have performed work during their 30-minute unpaid meal periods. This pre-shift, post-shift, and meal period work has caused Plaintiffs and all others similarly situated to work in excess of 40 hours in a given week without proper overtime compensation. Accordingly, as a result of these pay practices, Defendant has failed to provide Plaintiffs and all others similarly situated with the rights and protections provided under section 7(a) of the FLSA, 29 U.S.C. § 207(a).

38.     Section 207 of the FLSA requires the payment of overtime compensation to employees who work in excess of the hourly standards set forth therein. In particular, Section 207(a) requires the payment of overtime compensation at the rate of one and one-half times each employee's regular rate of pay for all hours employees are suffered or permitted to work in excess of forty hours per week. Defendant has failed to comply with the overtime pay requirements of the FLSA by failing to compensate Plaintiffs and all others similarly situated for work that they have been suffered or permitted to work before the official start time of their shifts, during their uncompensated meal periods, and after the official end of their shifts.

39.     As a result of Defendant's willful and purposeful violations of the FLSA, there have become due and owing to the Plaintiffs an amount that has not yet been precisely determined. The employment and work records for the Plaintiffs are in the exclusive possession, custody and control of the Defendant and its public agencies and the Plaintiffs are unable to state at this time the exact amount owing to them, but from these records, Plaintiffs will be able to ascertain the precise extent of these violations of the FLSA. Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the Plaintiffs from which the amount of Defendant's liability can be ascertained.

40.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs and all others similarly situated are entitled to recover liquidated damages in an amount equal to their back pay damages for the Defendant's failure to pay overtime compensation.

41.     Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II

**FAILURE TO PROPERLY CALCULATE THE REGULAR RATE OF PAY IN VIOLATION OF SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)**

42.    Plaintiffs hereby incorporate by reference paragraphs 1 through 35 in their entirety and restate them herein.

43.    Section 207(e) of the FLSA, 29 U.S.C. § 207(e), as well as the regulations of the U.S. Department of Labor, 29 CFR Part 778, *et seq*., require that all forms of remuneration be included in the rate at which FLSA overtime is paid, with some limited exceptions. Defendant has failed to include certain premium payments, such as vehicle differential and night shift differential pay in Plaintiffs' regular rates of pay for purposes of computing overtime pay entitlements of Plaintiffs and all others similarly situated, resulting in Defendant paying Plaintiff and all others similarly situated for overtime work at a rate that is below the rate mandated by the FLSA. Defendant's failure to include vehicle differential pay and other forms of additional compensation in Plaintiffs' regular rate of pay violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.207(b).  In addition, on occasion, Defendant pays straight time rather than overtime at the rate of one and one-half times Plaintiffs' regular rates of pay. 29 U.S.C. § 207(a).

44.    As a result of the Defendant's systemic, continuing, willful, and purposeful violations of the FLSA, there have become due and owing to the Plaintiffs and all others similarly situated an amount that has not yet been precisely determined. The employment and work records for the Plaintiffs and all others similarly situated reflecting such ongoing violations are in the exclusive possession, custody and control of Defendant and its public agencies, and Plaintiffs are unable to state at this time the exact amount owing to them, but from these records, Plaintiffs will be able to ascertain the precise extent of these violations of the FLSA. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions

to maintain and preserve payroll and other employment records with respect to Plaintiffs and all others similarly situated from which the amount of Defendant's liability can be ascertained.

45.    Pursuant to 29 U.S.C. § 216(b), Plaintiffs and all others similarly situated are entitled to recover liquidated damages in an amount equal to their back pay damages for the Defendant's failure to pay overtime compensation.

46.    Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT III

### FAILURE TO PAY FLSA OVERTIME IN A TIMELY MANNER BY PAYING FOR OVERTIME WEEKS OR MONTHS AFTER THE OVERTIME WAS WORKED

47.    Plaintiffs hereby incorporate by reference Paragraphs 1 through 35 in their entirety and restate them herein.

48.    The FLSA mandates that overtime compensation be paid on the regular payday for the period in which such workweek ends. Overtime payments under the FLSA may not be delayed except as reasonably necessary to compute the amount owed, and in no event shall such payments be delayed beyond the next payday after such computation can be made. 29 C.F.R. § 778.106. Defendant has violated these basic principles by delaying Plaintiffs' overtime payments for working in excess of 40 hours a week by weeks and in some cases months, with such delay not being reasonably necessary to compute Plaintiffs' overtime pay, but rather because of a failure by management personnel to approve overtime payments or due to management withholding such payments until the next budgetary quarter.

49.    As this court recently recognized in *Accosta, et al. v. Lorelei Events Grp. Inc., et al.*, No. 7:17-cv-07804-NSR (S.D.N.Y. Jan. 21, 2022), "while 'the Second Circuit has no bright line rule for determining what qualifies as an 'unreasonable' amount of time for an employer to

delay paying its employees,' several courts have held that it is a violation of the FLSA to withhold employees overtime such that 'two weeks is an unreasonable amount of time for an employer to delay a paycheck.'" (quoting *Coley v. Vannguard Urban Improvement Ass'n, Inc.,* No. 12-CV-5565 (PKC), 2018 U.S. Dist. LEXIS 50787 (E.D.N.Y. Mar. 29, 2018)). Here, Defendant's failure to pay Plaintiffs FLSA overtime pay in a timely manner and their withholding of such overtime payments violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.106.

50.    As a result of the Defendant's systemic, continuing, willful, and purposeful violations of the FLSA, there have become due and owing to the Plaintiffs an amount that has not yet been precisely determined. The employment and payroll records for the Plaintiffs are in the exclusive possession, custody and control of Defendant and their public agencies, and Plaintiffs are unable to state at this time the exact amount owing to them, but from these records, Plaintiffs will be able to ascertain the precise extent of these violations of the FLSA. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

51.    Pursuant to 29 U.S.C. § 216(b), Plaintiffs and all others similarly situated are entitled to recover liquidated damages in an amount equal to their backpay damages for the Defendant's failure to pay overtime compensation as alleged herein.

52.    Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that this Court:

(a) Order a complete and accurate accounting of all the compensation to which the Plaintiffs and those similarly situated are entitled;

(b) Award Plaintiffs and all others similarly situated monetary liquidated damages equal to their unpaid compensation;

(c) Award Plaintiffs and all others similarly situated interest on their unpaid compensation;

(d) Award Plaintiffs and all others similarly situated their reasonable attorneys' fees to be paid by the Defendant, and the costs and disbursements of this action; and

(e) Grant such other relief as may be just and proper.


DATE: April 27, 2026                      Respectfully submitted,

                                          *s/ Sarah M. Block*
                                          Sarah M. Block
                                          Gregory K. McGillivary (*pro hac vice* motion
                                          forthcoming)
                                          Diana J. Nobile
                                          McGILLIVARY STEELE ELKIN LLP
                                          1101 Vermont Ave., N.W.
                                          Suite 1000
                                          Washington, DC 20005
                                          Phone: (202) 833-8855
                                          gkm@mselaborlaw.com
                                          djn@mselaborlaw.com

                                          *s/ Hope Pordy*
                                          Hope Pordy
                                          SPIVAK LIPTON LLP
                                          1040 Avenue of the Americas

17

20th Floor
New York, NY 10018
Phone: (212) 765-2100
hpordy@spivaklipton.com

*Counsel for Plaintiffs*

18